Mark A. Klaassen, Bar No. 6-4511
Deputy Attorney General
Timothy W. Miller, Bar No. 5-2704
Debra Hulett*
Senior Assistant Attorneys General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, Wyoming 82002
(307) 777-8935
(307) 777-8920 Facsimile
mark.klaassen@wyo.gov
tim.miller@wyo.gov
debra.hulett@wyo.gov

*Attorneys for Defendant*

*Admitted Pro Hac Vice*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| JAMIN JOHNSON, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTIAN HANDLEY, in his individual capacity, | ) | Case No. 22-CV-009-SWS |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Christian Handley hereby answers the First Amended Complaint and states as follows:

## **INTRODUCTION**

1.     Defendant admits that Plaintiff was employed by the Albany County Sheriff's Office ("ACSO"). Defendant denies the remaining allegations of paragraph 1.

2.      Defendant admits that he was promoted to Patrol Sergeant toward the end of 2016. Defendant denies the remaining allegations of paragraph 2.

3.      Defendant admits Mr. Johnson resigned in 2017. Defendant denies the remaining allegations of paragraph 3.

4.      Defendant admits that Albany County conducted an internal investigation in 2021. Defendant denies the remaining allegations of paragraph 4.

5.      Paragraph 5 states legal conclusions to which no response is required.  To the extent any factual allegations are made therein against Defendant, they are denied.

## JURISDICTION, VENUE, AND PARTIES

6.      Defendant admits that Plaintiff states he has pleaded claims under 42 U.S.C. § 1983, Plaintiff states he intends to seek attorneys' fees under 42 U.S.C. § 1988, and this Court has federal-question jurisdiction under 28 U.S.C. § 1331. Defendant denies the remaining allegations of paragraph 6.

7.      Defendant admits venue is proper in this judicial district. Defendant denies the remaining allegations of paragraph 7.

8.      Defendant admits the allegations of paragraphs 8–9.

## FACTUAL ALLEGATIONS

9.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 10–12 and, therefore, denies those allegations.

10.      Defendant admits that the ACSO hired Mr. Johnson. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 13 and, therefore, denies those allegations.

11.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 14–16 and, therefore, denies those allegations.

12.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the statement that "Mr. Johnson set out on a clear path to help people," and, therefore, denies those allegations. Defendant denies the remaining allegations of paragraph 17.

13.    Defendant admits that ACSO hired Mr. Handley as a Patrol Deputy in 2011. Defendant denies the remaining allegations of paragraph 18.

14.    Defendant admits that he and Mr. Johnson both worked at ACSO as Patrol Deputies from July 2011 to August 2014, and that Johnson was the only Black officer at ACSO. Defendant denies the remaining allegations of paragraph 19.

15.    Defendant denies the allegations of paragraph 20.

16.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 21 regarding Mr. Johnson's performance, and, therefore, denies those allegations. Defendant denies the remaining allegations of paragraph 21.

17.    Defendant admits the allegations of paragraph 22.

18.    Defendant denies the allegations of paragraphs 23–24.

19.    Defendant admits that Mr. Johnson was promoted to Corporal. Defendant denies the remaining allegations of paragraph 25.

20.    Defendant admits that he was promoted to Patrol Sergeant in October 2016. Defendant denies the remaining allegations of paragraph 26.

21.    Defendant admits that as a Patrol Sergeant he had the power to oversee the entire division schedule, review Mr. Johnson's reports, conduct performance evaluations (subject to approval, revision, or rejection by the chain of command), issue discipline (subject to approval,

revision, or rejection by the chain of command), approve or reject vacation requests, and make recommendation as to demotions. Defendant denies the remaining allegations of paragraph 27.

22.     Defendant denies the allegations of paragraphs 28–35.

23.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 36–37 and, therefore, denies those allegations.

24.     Defendant admits that at times, Mr. Johnson's performance reflected that he was a dedicated and qualified officer. Defendant denies the remaining allegations of paragraph 38.

25.     Defendant denies the allegations of paragraph 39.

26.     Defendant admits that he wrote a performance appraisal for Mr. Johnson on or about February 21, 2017. Defendant denies the remaining allegations of paragraph 40.

27.     Defendant denies the allegations of paragraph 41.

28.     Defendant admits that paragraph 42 quotes comments from the 2017 annual performance appraisal identifying areas for improvement. Defendant denies the remaining allegations of paragraph 42.

29.     Defendant admits the allegations of paragraph 43.

30.     Defendant admits that on or about March 2, 2017, he issued disciplinary action to Mr. Johnson, and the detailed write-up contains the material quoted in paragraph 44. Defendant denies the remaining allegations of paragraph 44.

31.     Defendant admits that in the written disciplinary action, Defendant referred to Mr. Johnson leaving a marked-up copy of the performance evaluation and employee comments on his desk. Defendant denies the remaining allegations of paragraph 45.

32.     Defendant denies the allegations of paragraphs 46–47.

33.     Defendant admits the written disciplinary actions that he issued to Mr. Johnson identified conduct by Mr. Johnson that included lying, and one referred to threatening conduct toward Defendant. Defendant denies the remaining allegations of paragraph 48.

34.     Defendant admits a disciplinary action was issued to Mr. Johnson on or about July 11, 2017. Defendant denies the remaining allegations of paragraph 49.

35.     Defendant admits the written disciplinary action detailed circumstances surrounding Mr. Johnson's communications about statements made by a third party at a DUI traffic stop, which Mr. Johnson had recorded by body camera, and includes the quoted material. Defendant denies the remaining allegations of paragraph 50.

36.     Defendant admits that he issued written disciplinary action to Mr. Johnson that stated it was based on information brought to his attention on July 11, 2017. Defendant denies the remaining allegations of paragraph 51.

37.     Defendant admits he signed a disciplinary action on July 24, 2017. Defendant denies the remaining allegations of paragraph 52.

38.     Defendant admits a disciplinary action includes information about Mr. Johnson's phone call with the county attorney regarding an altercation between a staff member at residential center and an ACSO officer, the county attorney reported that Mr. Johnson provided inconsistent information to her during the phone call, and the information the county attorney reported to Defendant about the phone call with Mr. Johnson differed from the officer's later report and recollection. Defendant denies the remaining allegations of paragraph 53.

39.     Defendant admits the allegations of paragraph 54.

40.     Defendant admits the disciplinary action contains the quoted material. Defendant denies the remaining allegations of paragraph 55.

41.     Defendant admits the disciplinary action contains the quoted material. Defendant denies the remaining allegations of paragraph 56.

42.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 57 regarding Mr. Johnson's prior misconduct and, therefore, denies those allegations. Defendant denies the remaining allegations of paragraph 57.

43.     Defendant admits he was aware that Mr. Johnson was off work because he had taken days off. Defendant denies the remaining allegations of paragraph 58.

44.     Defendant admits he referred the disciplinary action up his chain of command. Defendant denies the remaining allegation of paragraph 59.

45.     Defendant admits that on July 19, 2017, Defendant was instructed to contact Mr. Johnson. Defendant denies the remaining allegations of paragraph 60.

46.     Defendant admits that on July 19, 2017, Defendant was instructed to contact Mr. Johnson and arrange for Mr. Johnson to have a meeting on the following day, July 20, 2017. Defendant denies the remaining allegations of paragraph 61.

47.     Defendant denies the allegations of paragraph 62.

48.     Defendant admits that during phone calls with Mr. Johnson, Defendant informed him that Sheriff O'Malley wanted to meet with him and asked Mr. Johnson to come in early to receive disciplinary action. Defendant denies the remaining allegations of paragraph 63.

49.     Defendant admits he called Mr. Johnson and said the Sheriff and Undersheriff wanted to meet with him the following day, and Mr. Johnson asked to call him back about it because he needed to arrange child care. Defendant denies the remaining allegations of paragraph 64.

50.     Defendant admits that same day, Mr. Johnson called him back and said he could meet the next day. Defendant denies the remaining allegations of paragraph 65.

51.     Defendant denies the allegations of paragraphs 66–67.

52.     Defendant admits that during a telephone call, Mr. Johnson stated the quoted material. Defendant denies the remaining allegations of paragraph 68.

53.     Defendant admits he informed Mr. Johnson that he needed to come in that evening to receive a disciplinary action. Defendant denies the remaining allegations of paragraph 69.

54.     Defendant denies the allegations of paragraphs 70–71.

55.     Defendant admits that a subsequent disciplinary action contained statements that Mr. Johnson's response to being notified about a disciplinary action was "completely unacceptable" and was "threatening in nature." Defendant denies the remaining allegations of paragraph 72.

56.     Defendant admits the quoted material is contained in a disciplinary action. Defendant denies the remaining allegations of paragraph 73.

57.     Defendant admits he signed a disciplinary action on July 24, 2017. Defendant denies the remaining allegations of paragraph 74.

58.     Defendant denies the allegations of paragraph 75.

59.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 76–83 and, therefore, denies those allegations.

60.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 84 as to Sheriff O'Malley's actions, and, therefore, denies those allegations. Defendant denies the remaining allegations of paragraph 84.

61.     Defendant denies the allegations of paragraph 85.

62.     Defendant admits that at the time, he continued to be a Sergeant. Defendant denies the remaining allegations of paragraph 86.

63.     Defendant admits Mr. Johnson resigned in 2017. Defendant denies the remaining allegations of paragraph 87.

64.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 88–93 and, therefore, denies those allegations.

65.     Defendant admits the allegations of paragraph 94.

66.     Defendant denies the allegations of paragraphs 95–102.

67.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 103 and, therefore, denies those allegations.

68.     Defendant denies the allegations of paragraphs 104–105.

69.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 106 and, therefore, denies those allegations.

70.      Defendant denies the allegations of paragraphs 107–109.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Violation of 42 U.S.C. § 1981, Brought Through 42 U.S.C. § 1983
### Hostile Work Environment on the Basis of Race

71.     Defendant repeats and incorporates by this reference the responses set forth above.

72.     Paragraph 111 states legal conclusions to which no response is required. To the extent any factual allegations are made therein against Defendant, they are admitted.

73.     Paragraphs 112–115 state legal conclusions to which no response is required. To the extent any factual allegations are made therein against Defendant, they are denied.

74.     Defendant denies the allegations of paragraphs 116–123.

**SECOND CLAIM FOR RELIEF**
**Violation of 42 U.S.C. § 1981, Brought Through 42 U.S.C. § 1983**
**Discrimination on the Basis of Race**

75.     Defendant repeats and incorporates by this reference the responses set forth above.

76.     Paragraph 125 states legal conclusions to which no response is required. To the extent any factual allegations are made therein against Defendant, they are admitted.

77.     Paragraphs 126–128 state legal conclusions to which no response is required. To the extent any factual allegations are made therein against Defendant, they are denied.

78.     Defendant denies the allegations of paragraphs 129–135.

**THIRD CLAIM FOR RELIEF**
**Violation of the Fourteenth Amendment, Brought Through 42 U.S.C. § 1983**
**Equal Protection – Race discrimination**

79.     Defendant repeats and incorporates by this reference the responses set forth above.

80.     Paragraph 137 states legal conclusions to which no response is required. To the extent any factual allegations are made therein against Defendant, they are denied.

81.     Defendant admits the allegations of paragraph 138.

82.     Paragraph 139 states legal conclusions to which no response is required. To the extent any factual allegations are made therein against Defendant, they are admitted.

83.     Defendant denies the allegations of paragraph 140.

84.     Paragraph 141 states legal conclusions to which no response is required. To the extent any factual allegations are made therein against Defendant, they are denied.

85.     Defendant denies the allegations of paragraphs 142–145.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that the court dismiss this matter with prejudice, Plaintiff taking nothing hereby, award the Defendant the costs incurred herein and grant the Defendant such other and further relief as the court deems proper.

## FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Qualified immunity bars Plaintiff's claims against Defendant.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that, after the imposition of any adverse employment action against Plaintiff, Defendant discovers evidence in the course of the investigation or defense of this case that Plaintiff engaged in conduct for which ACSO would have terminated or disciplined Plaintiff, Plaintiff's right to recovery from the date of such discovery is barred.

## FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate the alleged damages, the existence of which is denied.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff sustained damages, the acts of third parties who Defendant did not control intervened and superseded any potential liability of Defendant.

WHEREFORE, Defendant prays that the court dismiss this matter with prejudice, Plaintiff taking nothing hereby, award the Defendant the costs incurred herein and grant the Defendant such other and further relief as the court deems proper.

DATED this 18th day of April, 2022.

/s/Mark A. Klaassen

Mark A. Klaassen, Bar No. 6-4511
Deputy Attorney General
Timothy W. Miller, Bar No. 5-2704
Debra Hulett*
Senior Assistant Attorneys General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, Wyoming 82002
(307) 777-8935
(307) 777-8920 Facsimile
mark.klaassen@wyo.gov
tim.miller@wyo.gov
debra.hulett@wyo.gov

Attorneys for Defendant

*Admitted *Pro Hac Vice*

## <u>CERTIFICATE OF SERVICE</u>

     I do hereby certify that on this 18th day of April, 2022, a true and correct copy of the foregoing **Defendant's Answer to First Amended Complaint** was served as indicated below:

Qusair Mohamedbhai                     [✓] CM/ECF
Felipe Bohnet-Gomez
Omeed Marco Azmoudeh
Rathod Mohamedbhai LLC
2701 Lawrence Street
Denver, CO 80205
qm@rmlawyers.com
fbg@rmlawyers.com
oa@rmlawyers.com


                                     */s/Sherry Griffin*
                                     Sherry Griffin, Paralegal
                                     Office of the Wyoming Attorney General