

FILED

7:45 am, 4/7/23

U.S. Magistrate Judge

United States District Court

For The District of Wyoming

| | |
|---|---|
| JAMIN JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTIAN HANDLEY,<br><br>Defendant, | Civil No. 22-CV-9-S |

### ORDER FOR MEDIATION

This matter having come before the Court pursuant to agreement by the parties for a mediation, and the Court finding that the requested relief should be granted, does now hereby

ORDER that the parties appear before the Honorable Kelly H. Rankin, United States Magistrate Judge at 8:30 a.m. on May 3, 2023, for purposes of a ZOOM mediation. The Court believes the parties should fully explore and consider settlement at the earliest opportunity. Early consideration of settlement can prevent unnecessary litigation. This allows the parties to avoid the substantial cost, expenditure of time, and stress that are typically a part of the litigation process. Even for those cases that cannot be resolved through settlement, early consideration of settlement can allow the parties to better

understand the factual and legal nature of their dispute and streamline the issues to be litigated.

Consideration of settlement is a serious matter that requires thorough preparation prior to the settlement conference.  Set forth below are the procedures the Court will require the parties to follow and the procedures the Court typically will employ in conducting the mediation.

**A.      FORMAT**

      **1.      PREMEDIATION EXCHANGE OF DEMAND AND OFFER**

A mediation is more likely to be productive if, before the conference, the parties exchange written settlement proposals.  Accordingly, Plaintiff's counsel shall submit a written settlement demand to Defendant with a brief explanation of why such a settlement is appropriate no later than **April 17, 2023**.  Defendant shall submit a written offer to Plaintiff's counsel with a brief explanation of why such a settlement is appropriate by **April 20, 2023**.  On occasion, this process will lead directly to a settlement.  If settlement is not achieved, Plaintiff's counsel shall email (wyojudgekhr@wyd.uscourts.gov) copies of all letters to Judge Rankin's chambers by **April 26, 2023**.  Do <u>not</u> file copies of the letters.

      **2.      MEDIATION STATEMENTS**

By **April 26, 2023**, each of the parties shall submit a confidential mediation statement to the court (<u>not</u> filed), for the use of the Court in conducting the mediation, no more than ten (10) pages in length, containing the following information:

      1)      a complete, but concise summary of the general facts and the legal issues;

2)     a statement explaining the factual and legal positions asserted by the party, together with an explanation how the specific facts and legal theories support the positions taken;

3)     if applicable, a statement explaining the party's position regarding damages, including specification of the different categories of claimed damages;

4)     forthright and candid statements as to those specific facts and legal issues which are viewed by the party itself to be so weak that the opposing party may prevail;

5)     a statement explaining the nature of discussions made with your client explaining settlement formats, structured settlements, and Rule 68 offers to compromise;

6)     a statement explaining the nature of any prior settlement negotiations; and

7)     a statement indicating the number and names of the participants expected to participate in the settlement conference.

### 3. ATTENDANCE OF PARTIES REQUIRED

**Parties with settlement authority are required to personally attend the mediation.** An insured party shall appear by representative of the insurer who is authorized to negotiate, and who has authority to settle the matter. The party or a designated representative shall have authority up to the limits of the opposing parties' existing settlement demand. Each party shall appear by a representative who is authorized to negotiate, and who has *authority to settle the matter*. Having a client with authority available by telephone is *not* an acceptable alternative. Because the Court generally sets aside a full day, it is impossible for a party who is not present to appreciate the process and the reasons which may justify a change in one's perspective towards settlement.

## 4. MEDIATION FORMAT

The Court will generally use a mediation format; that is, a joint session with opening presentations by the Court and each side followed by private caucusing by the Court with each side. The Court expects both the lawyers and the party representatives to be fully prepared to participate. The Court encourages all parties to keep an open mind in order to reassess their previous positions and to discover creative means for resolving the dispute.

## 5. STATEMENTS INADMISSIBLE

The Court expects the parties to address each other with courtesy and respect. Parties are encouraged to be frank and open in their discussions. As a result, statements made by any party during the mediation are not to be used in discovery and will not be admissible at trial.

## 6. ISSUES TO BE DISCUSSED

Parties should be prepared to discuss the following at the mediation:

1. What are your goals in the litigation and what problems would you like to address in the mediation? What do you understand are the opposing side's goals?

2. What issues (in and outside of the lawsuit) need to be resolved? What are the strengths and weaknesses of your case?

3. Do you understand the opposing's side's view of the case? What is wrong with their perception? What is right with their perception?

4. What are the points of agreement and disagreement between the parties? Factual? Legal?

5. What are the impediments to settlement? Financial? Emotional? Legal?

6. Does settlement or further litigation better enable you to accomplish your goals?

7. Are there possibilities for a creative resolution of the dispute?

8. Do you have adequate information to discuss settlement? If not, how will you obtain sufficient information to make a meaningful settlement discussion possible?

9. Are there outstanding lien holders or third parties who should be invited to participate in the settlement conference?

Dated this 7th day of April, 2023.

_____
Kelly H. Rankin
U.S. Magistrate Judge